IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|                                    |   |                |
|------------------------------------|---|----------------|
| HARVEY LEE RANDOLPH, JR.,          | ⑊ |                |
|                                    | ⑊ |                |
|         Plaintiff,                 | ⑊ |                |
|                                    | ⑊ |                |
| vs.                                | ⑊ | No. 10-2919-STA |
|                                    | ⑊ |                |
| UNNICO INTEGRATED FACILITIES       | ⑊ |                |
| SERVICES CARGILL,                  | ⑊ |                |
|                                    | ⑊ |                |
|         Defendant.                 | ⑊ |                |
|                                    | ⑊ |                |

_____

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
(DOCKET ENTRY 10)
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL
_____

On December 20, 2010, Plaintiff Harvey Lee Randolph, Jr. filed a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") against Defendant Unicco Integrated Facilities Services Cargill.[1] (Docket Entry ("D.E.") 1.) Plaintiff filed a form complaint, checking the box indicating that Defendant terminated his employment based on his race. (D.E. 1 at 2.) Plaintiff attached a copy of an Equal Employment Opportunity Commission Intake Questionnaire dated September 23, 2008, that

---

[1] Defendant alleges in the motion to dismiss that it is correctly known as UGL Services Unicco Operations Co.

reveals that he checked the box for race discrimination. (D.E. 1-1 at 3.) Plaintiff attached a copy of a Notice of Right to Sue issued on September 30, 2010. (D.E. 1-1 at 1.) Paragraph ten of the complaint alleged:

> On Oct. 10, 2007 I, Harvey Lee Randolph Jr., was hired by Unicco Intergrated [sic] Facilities Services. The job site I was hired to work on was Cargill corn milling facility located 2330 Buoy St. Memphis, TN. The same day I was hired I was required to read with understanding Unicco/Cargill employee handbook. After reading silently, Connie Simms Office Manager Unicco/Cargill office manager read aloud with me the employee handbook. I then read aloud with Unicco/Cargill Memphis, TN., Safety Manager Gee Daress, the operations and safety manual. After reading both manuals, I signed for both manuals and was given a date to report for work along with a voucher for steel toe boots. Attached are pages with incidents supporting my complaint against the defendant.

(D.E. 1 at 3.) Plaintiff also attached a twenty-seven (27) page diary that covers his employment from October 17, 2007 until his termination. (D.E. 1-2.)

On June 3, 2011, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 10.) Plaintiff responded to the motion to dismiss on June 20, 2011. (D.E. 11.)

The standard for assessing a Rule 12(b)(6) motion is as follows:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed2d 80(1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss

>does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A. 7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1,122 S. Ct. 992, 152 L. Ed.2d 1(2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338(1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90(1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555-56, 127 S. Ct. 1955, 1964-65 (2007) (footnote omitted). The Supreme Court explained that the notice pleading rules do not eliminate a plaintiff's obligation to set forth some factual basis for her claims:

>While, for most types of cases, the Federal Rules [of Civil Procedure] eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only the "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. See 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in

> support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

Id. at 556 n.3, 127 S. Ct. 1965.

Twombly was an antitrust case and, after the issuance of that decision, some courts assumed that the requirement that a litigant plead the factual basis for his claims was applicable primarily to complex litigation.[2] However, the Supreme Court recently extended the principles stated in Twombly to a civil rights claim under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999 (1974). In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court stated as follows:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

---

[2] See, e.g., United States v. Ford Motor Co., 532 F.3d 496, 503 n.6 (6th Cir. 2008); Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295-96, 296 n.1 (6th Cir. 2008). In so holding, the Sixth Circuit was attempting to reconcile Twombly with Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007) (per curiam), which was decided two weeks after Twombly. In Erickson, the Supreme Court vacated the dismissal of a lawsuit brought by a prisoner suffering from hepatitis C who alleged that he had received inadequate medical treatment when he was terminated from a treatment program. The district court dismissed the complaint for failure to state a claim, and the Tenth Circuit Court of Appeals affirmed, holding that the prisoner's allegations of injury were conclusory. The Supreme Court observed that this "holding departs in so stark a manner from the pleading standard mandated by the Federal Rules of Civil Procedure that we grant review." 551 U.S. at 90, 127 S. Ct. 2198. The prisoner had alleged that he had hepatitis C, that he met the prison's standards for treatment of the disease, and that furtherance of the disease can cause irreversible damage to his liver and even death. Id. at 91-92, 127 S. Ct. 2198-99; see also id. at 94. In holding that the prisoner's allegations of harm were sufficient to satisfy Rule 8(a)(2), the Supreme Court emphasized the liberal pleading standard of Fed. R. Civ. P. 8(a)(2) and the plaintiff's pro se status. Id. at 93-94, 127 S. Ct. 2200. The Supreme Court also noted that it was not deciding that the prisoner's case was sufficient in all respects to survive a motion to dismiss but, rather, only that the allegations of injury were sufficient to satisfy Rule 8(a)(2). Id. at 93, 94, 127 S. Ct. 2199-2200.

> allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950. Applying those standards, the Supreme Court held that the plaintiffs had not adequately alleged that the moving defendants had purposely discriminated against them on the basis of their religion. Id. at 1950-52.

These standards apply to employment discrimination claims. Ordinarily, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." League v. United Latin Am. Citizens, 500 F.3d 523, 527 (6th Cir. 2007). In Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992 (2002), the Supreme Court held that an employment discrimination complaint need not contain specific facts establishing a prima facie case of discrimination under McDonnell Douglas v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). In so holding, the Supreme Court emphasized that "[t]he prima facie case under McDonell Douglas . . . is an evidentiary standard, not a pleading requirement," 534 U.S. at 510, 122 S. Ct. at 997, and that the McDonnell Douglas framework is inapplicable where a plaintiff has direct evidence of discrimination, id. at 511, 122 S. Ct. 997. Thus, in the employment discrimination context, "the ordinary rules for assessing the sufficiency of a complaint apply." Id.[3]

---

[3] Plaintiff's pro se status did not absolve him from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

In the motion to dismiss, Defendant characterizes Plaintiff's diary as allegations of trivial run-ins with co-workers and workplace injustices. (D.E. 10-1 at 1, 4.) Defendant contends that no relationship can be discerned between the facts alleged and a violation of Title VII. (D.E. 10-1 at 4.)

Plaintiff's complaint does give Defendant fair notice of what Plaintiff's claim is and the grounds on which it rests. Nevertheless, Plaintiff has failed to state a claim for disparate treatment upon which relief may be granted against Defendant. Plaintiff's complaint contains no factual basis demonstrating that he suffered an adverse employment action for which Defendant should

---

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed.2d 652 (1971)(per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521, 92 S. Ct. at 596 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed.2d 366(1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Lindsay v. Owens Loan, No. 08-CV-12526, 2008 WL 2795944, at *1 (E.D. Mich. July 18, 2008) ("While pro se litigants should not be held to the same stringent standard as licensed attorneys who draft pleadings . . . , it is also not the role of the court to speculate about the nature of the claims asserted."); Reeves v. Ratliff, No. Civ.A.05CV112-HRW, 2005 WL 1719970, at *2 (E.D. Ky. July 21, 2005) ("Judges are not required to construct a [pro se] party's legal arguments for him."); United States v. Kraljevich, No. 02-40316, 2004 WL 1192442, at *3 (E.D. Mich. Apr. 15, 2004); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); cf. Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

be held liable. The well-pleaded facts of Plaintiff's complaint do not show that Plaintiff's termination was based on his race or that Defendant treated him differently than a similarly situated non-minority employee.

Plaintiff alleges that his observation of applicable safety rules and his proper work performance irritated his co-workers. He alleges that, as a result, the disgruntled co-workers walked into him, spit at him, and made obscene gestures on various occasions. He alleges that he complained about his co-workers' behavior. He does not allege the races of the co-workers. He does not allege that the co-workers treated him this way because of his race. Plaintiff has also failed to allege that Defendant took any adverse employment action against him based on his race. Plaintiff states in the Intake Questionnaire attached to the complaint, that he was terminated for "reasons unk[n]own" (D.E. 1-1 at 5) and "the real nature of [his] termination is still somewhat unclear". (D.E. 1-2 at 1.)

Plaintiff's allegations fail to state a claim on which relief may be granted. The Court GRANTS Defendant's motion (D.E. 10) and DISMISSES Plaintiff's complaint. The Clerk shall enter judgment for Defendant.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n

appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rule of Appellate Procedure 24(a), a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status. See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to grant the motion to dismiss also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in

8

forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.[4]

        IT IS SO ORDERED this 24th day of March, 2012.

                              s/ S. Thomas Anderson
                              S. THOMAS ANDERSON
                              UNITED STATES DISTRICT JUDGE

---

[4] If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.